IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMMIE S. SIEMER, | ) | Case No. 3:18-cv-773 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT & RECOMMENDATION** |
| | ) | **Resolving Defendant's Motion to** |
| Defendant. | ) | **Remand** |

**I.     Introduction**

Defendant, the Commissioner of Social Security, moves the court to remand this case for further proceedings and a new decision. Plaintiff, Jammie S. Siemer, opposes a remand for re-evaluation and argues that the case should be remanded for an award of benefits. This matter is before me pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3) and Local Rule 72.2(b). Because all the essential factual issues have not been resolved and the record does not adequately establish Siemer's entitlement to benefits, I recommend that the court VACATE the decision of the Commissioner and REMAND this matter for further administrative proceedings and a new decision.

**II.    Law & Analysis**

The Commissioner moves the court for a remand pursuant to sentence four of 42 U.S.C. § 405(g), which provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good
> cause shown before the Commissioner files the Commissioner's answer, remand

> the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

Here, the parties agree that the appeal should be remanded. However, Siemer contends that the court should remand her appeal and require the award of benefits. ECF Doc. 15. The Commissioner argues that the appeal must be remanded for further proceedings. ECF Docs 14 & 16.

With a sentence four remand, the court may reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes plaintiff's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Secretary of Health and Human Servs.,* 820 F.2d 777, 782 (6th Cir. 1987); *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). Siemer contends that, because the ALJ assigned controlling weight to the opinions of one of her treating physicians, it follows that she is entitled to benefits. ECF Doc. 15. The ALJ assigned controlling weight to the September 2016 medical source statement of Peter White, M.D. One of the opinions expressed by Dr. White was that Siemer would miss about two days of work per month. The ALJ expressly listed Dr. White's opinion in his decision and purportedly assigned controlling weight to it. (Tr. 220).

Unfortunately, the ALJ's assignment of controlling weight to the September 2016 opinion of Dr. White directly contradicts the ALJ's Step Five finding that there were jobs existing in significant numbers in the national economy that Siemer could perform. The ALJ relied on the VE's testimony in making this finding. (Tr. 222). However, the VE testified that most employers do not tolerate an employee missing more than one day per month. (Tr. 299).

2

Thus, it was inconsistent to assign controlling weight to Dr. White's opinion and to also find that there were a significant number of jobs that Siemer could perform in reliance on the VE's testimony.

Siemer argues that the ALJ's assignment of controlling weight to Dr. White's September 2016 opinion should end the matter and justify an award of benefits. But, there is an obvious ambiguity in the ALJ's decision. On the one hand, if the ALJ intended to actually assign controlling weight to Dr. White's opinion that Siemer, among other things, would miss two or more days of work per month, then he could not also rely on the VE's testimony to find that there were a significant number of jobs that Siemer could perform. On the other hand, if the ALJ concluded that the VE's opinion testimony was valid and consistent with the *Dictionary of Occupational Titles* and supported a conclusion that Siemer "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (Tr. 223), then he could not have properly assigned controlling weight to Dr. White's opinions. Notably absent from the ALJ's decision is any discussion of whether Siemer would actually be required to miss work two days per month. Instead, the ALJ appears to have recounted in some detail the host of medical visits and treatments Siemer had received. After doing so, the ALJ concluded that Siemer's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." The ALJ failed to specify in what way(s) Siemer's complaints were inconsistent with the medical record or other evidence.

I agree with the Commissioner that the record does not adequately establish plaintiff's entitlement to benefits. There is an ambiguity and inconsistency in the ALJ's decision that must be explained in further proceedings. This case should be remanded.

### III. Recommendation

The Commissioner moves the Court to remand this matter for further proceedings. By issuing a legally flawed, ambiguous and inconsistent decision, the ALJ failed to build a logical bridge between the evidence and the record. Because the court is unable to determine whether the ALJ intended to assign controlling weight to the entirety of Dr. White's opinion, I recommend that the court VACATE the Commissioner's finding that Siemer is not disabled and REMAND the case. The remand order should direct the Appeals Council to instruct the ALJ to reevaluate the opinion of Dr. White, to develop the administrative record as necessary to determine whether Siemer is disabled within the meaning of the Social Security Act, and to issue a new decision.

Dated: January 24, 2019

Thomas M. Parker
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).